Anthony J. Nunes (SBN 290224)
Nunes Worker Rights Law, APC
15260 Ventura Blvd, Suite 1200
Sherman Oaks, CA 91403
Telephone: 530-848-1515
Fax: 424-252-4301
tony@nunesworkerrightslaw.com

Attorneys for Plaintiff JOSEPH BRELSFORD, on behalf of himself and all others
similarly situated

## UNITED STATE DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BRELSFORD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>YOURMECHANIC, INC., a California corporation, doing business as YOUR MECHANIC, and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay Minimum Wage<br>2. Collective Action - Violation of the Fair Labor Standards Act ("FLSA," 29 U.S.C. 201, et seq.)<br>3. Failure to Provide Meal Periods<br>4. Failure to Provide Paid Rest Breaks<br>5. Failure to Reimburse<br>6. Failure to Pay All Wages at Termination (Labor Code Section 201-203)<br>7. Failure to Provide Accurate Wage Statements<br>8. Unfair Business Practices (Business & Practices Section 17200)<br>9. Violation of Labor Code Section 2699 (PAGA)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JOSEPH BRELSFORD ("Plaintiff") alleges, on behalf of himself and on behalf of all others similarly situated, causes of action against Defendants, each of them, as follows:

## I.

## INTRODUCTION

1.      This is an action brought on behalf of current and former employees for YOURMECHANIC, INC. (hereinafter "Defendant" or "Your Mechanic").

2.      Defendant primary business activity is providing mobile automobile repair and maintenance services to automobile owners at their home.

3.      Plaintiff JOSEPH BRELSFORD (hereinafter "Plaintiff") is a former "journeyman" automotive technician or mechanic for "Your Mechanic" in California.

4.      Your Mechanic misclassified and continues to misclassify its mechanics as independent contractors, when under California law, these mechanics must be classified as non-exempt, hourly employees.

5.      Your Mechanic's misclassification of its mechanics as independent contractors is a violation of the California Labor Code as well as California Industrial Welfare Commission ("IWC") Wage Order No. 9-2001, as amended ("Wage Order No. 9") which include:

BRELSFORD ET AL. v. YOURMECHANIC, INC.  –  COMPLAINT

a.  Failing to pay its employees premium wages for missed meal periods;

b.  Failing to pay its employees premium wages for missed rest periods;

c.  Failing to pay its employees minimum wage as required by California law for every hour worked;

d.  Failing to maintain accurate employment records for its employees in California; and

e.  Failing to pay its employees amounts owed at the end of employment.

6.  Plaintiff, on behalf of himself and the proposed class and subclasses, seeks unpaid wages and penalties for Labor Code violations.

## II.

## JURISDICTION

7.  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 206(a)(1).

8.  Federal jurisdiction is proper due to Defendant's violations of the minimum wage provision of the U.S. Fair Labor Standards Act. 29 U.S.C. § 206(a)(1). As described herein, Plaintiff alleges Defendant failed to pay any wages for non-clocked work.

9.      Plaintiff alleges that Defendant systematically violates the Fair Labor

Standards Act by failing to provide Plaintiff and other class members minimum

wage for all hours worked.

10.      Venue lies within the Northern California District because Defendant

is headquartered in the Northern District in Mountain View, California.

Defendant also operates throughout the Northern District of California.

### III.

### PARTIES

#### Plaintiff

11.      Plaintiff is a resident of Sacramento County, California.  At all

relevant times herein, Plaintiff was employed by Defendants as a non-exempt

automotive technician.

#### Defendants

12.      Plaintiff alleges on information and belief that Defendant

YOURMECHANIC, INC., owns and operates Your Mechanic, and does business

as "Your Mechanic" throughout California.

13.      Defendant is headquartered in the Northern District of California

and operates throughout the Northern District of California.

14.    Plaintiff alleges on information and belief that Defendant issues uniform policies and procedures for all automotive technicians working for Your Mechanic.

15.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued here in as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names.  Plaintiff is informed and believes, and based thereon alleges, that Defendants designated herein as DOE(S) are legally responsible in some manner for the unlawful acts referred to herein.

16.    Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOE(S) when such identities become known.

17.    Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other class members, and exercised control over the wages, hours, and working conditions of Plaintiff and the other class members.

18.    Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation,

successor in interest and/or predecessor in interest of some or all of the other
Defendants, and was engaged with some or all of the other Defendants in a joint
enterprise for profit, and bore such other relationships to some or all of the other
Defendants so as to be liable for their conduct with respect to the matters alleged
below.

19.     Plaintiff is informed and believes and thereon alleges that each
Defendant acted pursuant to and within the scope of the relationships alleged
above, that each Defendant knew or should have known about, authorized,
ratified, adopted, approved, controlled, aided and abetted the conduct of all other
Defendants.

## IV.
## GENERAL ALLEGATIONS

20.     Plaintiff worked as a "journeyman" automotive technician for
Defendant from approximately February 2019 to September 2019 in Sacramento,
California.

21.     Plaintiff alleges that Defendants' corporate policies, procedures, and
uniform understaffing, were either written or institutionalized into each
Defendant's labor practices, such that Plaintiff and the class he seeks to represent
were not able to, or permitted to, take timely rest breaks or lunch periods,

BRELSFORD ET AL. v. YOURMECHANIC, INC.  –  COMPLAINT

pursuant to the Labor Code, Industrial Welfare Commission Wage Order 5-2001, and other applicable Wage Orders.

22. In an effort to avoid providing its mechanics with the benefits and protections afforded to employees in California, Your Mechanic willfully and uniformly misclassified its mechanics as independent contractors.

23. Plaintiff alleges Defendant implemented and maintained a company-wide policy to pay non-exempt employees less than the applicable minimum wage, including failing to pay including automotive technicians for all hours worked. Defendant were aware of the fact that under their system, Plaintiff regularly worked unpaid hours and/or worked for compensation at less than the applicable minimum wage (double regular minimum wage when providing own tools per California IWC Wage Order 4-2001).

24. Plaintiff alleges Defendant also failed to provide overtime wages earned for all hours worked by Plaintiff in excess of eight hours per day and/or forty hours per week. Where overtime compensation was received at all, it was for fewer than all overtime hours worked and was paid at less than the amount required by California law.

25. Plaintiff alleges that in order to meet Defendant's workload requirement, he typically worked through both meal periods and rest breaks.

BRELSFORD ET AL. v. YOURMECHANIC, INC. – COMPLAINT

26.    Plaintiff alleges Defendant also failed to provide Plaintiff with all the required meal periods when they worked more than five hours in a day; and Defendant failed to pay Plaintiff a one-hour premium wage in lieu thereof.

27.    Plaintiff alleges Defendant failed to provide Plaintiff with timely and accurate wage and hour statements.

28.    Plaintiff alleges Defendant did not maintain adequate records pertaining to when Plaintiff began and finished each work period; meal/rest breaks; hours worked per day; hours worked per pay period; and applicable rates of pay for all regular hours and overtime.

29.    Plaintiff alleges that Defendants have maintained and continue to maintain uniform practices and procedures which are in inconsistent with state and federal law.

30.    Plaintiff alleges that Defendants engage in uniform policies and conduct, as alleged herein resulting in violations of Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 1194, and 2750.5.

31.    Plaintiff brings this action pursuant to Business and Professions Code §§ 17200-17208, seeking injunctive relief and restitution of all benefits obtained by Defendants by engaging in the unlawful conduct complained herein.

32.    Based on Defendants' misclassification of Plaintiff and other Your Mechanic mechanics as independent contractors, Plaintiff seeks to represent a

class of Your Mechanic mechanics for reimbursements of business expenses. Your Mechanic mechanics are required to bear many of the expenses of their employment, including expenses for their tools, vehicles, gas, insurance, and other expenses.

33.     California law requires employers to reimburse employees for such expenses, as they are for the benefit of the employer and are necessary for the employees to perform their jobs.  Your Mechanic failed and continues to fail to reimburse its mechanics for such expenses.

34.     In addition, based on their misclassification as independent contractors, Your Mechanic mechanics do not/did not receive meal breaks, or rest breaks as required by the California Labor Code and Wage Order No. 9.

35.      Further, based on their misclassification as independent contractors, Your Mechanic mechanics did not receive accurate wage statements.

36.     Plaintiff is a former Your Mechanic mechanics who was misclassified by Your Mechanic as an independent contractor.  Plaintiff's primary duties were non-exempt and he had little, if any, discretion in his automotive repair work for Your Mechanic.

37.     On April 27, 2020, Plaintiff sent a notice of Private Attorney General Act ("PAGA") claims to Defendants and the California Labor and Workforce Development Agency (LWDA).

BRELSFORD ET AL. v. YOURMECHANIC, INC.  –  COMPLAINT

## <u>CLASS ALLEGATIONS</u>

38.     Plaintiff brings this cause of action on behalf of himself and on behalf of all persons similarly situated, ("the class") as alleged herein. This action is brought and may properly be maintained as a class action pursuant to the provisions of California Code of Civil Procedure section 382, Federal Rule 23, and other applicable law pertaining to class actions.

39.     The proposed class Plaintiff seeks to represent is presently defined as follows:

> Proposed Class:
>
> All of Defendants' employees who work or have worked for Defendants performing automotive repairs maintenance work in California within the four years prior to the date of the filing of this Complaint through the date of the final disposition of this action.

40.     The proposed subclasses Plaintiff seeks to represent are presently defined as follows:

> Meal Period Subclass:
>
> All persons who have worked for Defendant during the Liability Period who are owed unpaid wages for missed meal periods.
>
> Rest Break Subclass:
>
> All persons who have worked for Defendant during the Liability Period who are owed unpaid wages for missed rest breaks.

41.     Plaintiff is a member of the proposed class and all subclasses.

42.    There is a well-defined community of interest in the litigation and the class is ascertainable.

A.    **Numerosity**: The class is so numerous that individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that the class consists of 100 persons or more.

B.    **Common Questions Predominate**:  Common questions of law and fact exist as to all class members, and predominate over any questions that affect only individual members of the class.  The common questions of law and fact include, but are not limited to:

i.    What were and are the policies, programs, practices, procedures and protocols of Defendants regarding class members' actual work and tasks, and their job duties irrespective of job titles;

ii.    Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding rest periods for class members;

iii.    Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding lunch breaks for class members;

BRELSFORD ET AL. v. YOURMECHANIC, INC.  –  COMPLAINT

iv.  What were and are the policies, programs, practices, procedures and protocols of Defendants regarding furnishing to the class members, upon each payment of wages, itemized statements required by Labor Code section 226;

v.  Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding furnishing to the class members, upon each payment of wages, itemized statements required by Labor Code section 226;

vi.  Whether Defendants violated Business & Professions Code sections 17200 *et seq.* by their policies, programs, practices, procedures and conduct referred to in this cause of action;

vii.  Whether Defendants obtained voluntarily waivers with consent and full disclosure, and whether a written signed waiver is effective as to all future meal and rest periods;

viii.  The proper measure of damages sustained and the proper measure of restitution recoverable by members of the California class; and,

ix.  Additional common questions of law and fact may develop as the litigation progresses.

C.  **Typicality**: Plaintiff's claims are typical of the claims of the class. Plaintiff and other class members sustained losses, injuries and damages arising

out of the Defendants' common policies, programs, practices, procedures, and course of conduct referred to in each cause of action and throughout this Complaint, which were applied uniformly to class members as well as Plaintiff. Plaintiff seeks recoveries for the same types of losses, injuries, and damages as were suffered by the other class members as well as Plaintiff.

D. **Adequacy**: Plaintiff and his counsel will fairly and adequately protect the interests of the class. Plaintiff has no interest that is adverse to the interests of the other class members.

E. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Also, because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public of adjudication of individual

BRELSFORD ET AL. v. YOURMECHANIC, INC. – COMPLAINT

litigation and claims would be substantial, and substantially more than if the claims are treated as class action. Individual litigation and claims would also present the potential for inconsistent or contradictory results.

F. **Public Policy Considerations**: Defendants and other employers throughout the state violate wage and hour laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are often fearful of bringing claims because doing so can harm their employment and future employment and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity that allows for vindication of their rights while eliminating these risks, or at least enormously reducing them.

## VI.

## CAUSES OF ACTION

## First Cause of Action

**Failure to Pay Minimum Wage**
**(Labor Code §§ 1182.12, 1194, 1197 and 1197.1, IWC Wage Orders, and the Fair Labor Standards Act 29 U.S.C. 201, et seq.)**

43. Plaintiff incorporate all previous paragraphs of this Complaint as though fully set forth herein.

44. At all relevant times, the Industrial Welfare Commission (IWC) Wage Orders contained in Title 8 of the Code of Regulations ("Wage Orders")

BRELSFORD ET AL. v. YOURMECHANIC, INC. – COMPLAINT

applied to Plaintiff and other class members in their capacity as employees of Defendants. The Wage Orders and California law provided, among other things, that employees must receive minimum wage earnings for all hours worked.

45. During the liability period, Defendants have routinely failed to pay Plaintiff the minimum wage required under California law. Because Plaintiff was required to provide and maintain his own hand tools, that minimum wage was double the standard minimum wage per IWC Wage Order 4-2001.

46. Plaintiff purchased and used his own hand tools to perform work for Defendants. The hand tools provided and used were necessary for the performance of their duties as an auto technician.

47. Plaintiff timecards and pay stubs did not have list his actual regular and overtime hours worked.

48. Plaintiff worked unpaid hours for Defendants as a part of systematic pattern of Defendants' failing to pay employees for all hours worked.

49. Labor Code Section 1194 provides in pertinent part: "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

BRELSFORD ET AL. v. YOURMECHANIC, INC.  –  COMPLAINT

50.     Labor Code Section 1197 provides that the "minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

51.     Defendants violated California Labor Code sections 1182.12, 1194, 1197, 1197.1 and the applicable Wage Order, Wage Order No. 9, by willfully failing to pay all minimum wages due to Plaintiff and the class members.

52.     Plaintiff and the class members seek all actual, consequential and incidental losses and damages, including, unpaid minimum wages, interest thereon, attorneys' fees, and costs.

53.     In addition to the above-amounts, Plaintiff and the class he seeks to represent will seek to recover one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid for any initial violation that is intentionally committed,  and two hundred fifty dollars ($250) for each subsequent violation for the same specific offense, for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

/ / /

/ / /

/ / /

## Second Cause of Action

### Violations of the Fair Labor Standards Act
### ("FLSA," 29 U.S.C. 201, *et seq*.)

54.     Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

55.     Plaintiff is informed and believes, and thereon alleges, that Defendants have required collective class members, as part of their employment, to work without receiving the minimum wage for all hours worked, under 29 U.S.C. § 206(a).  That section provides the following: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the [minimum wage]."

56.     Plaintiff is informed and believes, and thereon alleges that Defendants have required, or require collective class members, as part of their employment, to work without compensation.

57.     Plaintiff alleges that Defendant systematically violates the Fair Labor Standards Act by failing to provide Plaintiff and other class members with minimum wage for all hours worked.

58.     Defendants' violations of the FLSA were willful and are ongoing.

BRELSFORD ET AL. v. YOURMECHANIC, INC.  –  COMPLAINT

59.     Plaintiff proposes to undertake appropriate proceedings to have the collective class members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and given the opportunity to join this action as Plaintiff, pursuant to 29 U.S.C. § 216(b), by filing written consents / joinders with the Court.

60.     Attached hereto as Exhibit A is Plaintiff's Fair Labor Standard Act signed Consent to Join this collective action.

61.     As a result of Defendants' unlawful conduct, Plaintiff and the collective class members have suffered damages as set forth herein.

62.     As a result of the foregoing, Plaintiff seeks judgment against Defendants on his own behalf, and on behalf of those collective class members similarly situated who file written consents to join in this action, for all unpaid wages owed by Defendants to Plaintiff and the collective class members, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to, *inter alia*, 29 U.S.C. § 216(b).

### **Third Cause of Action**

**Failure to Provide Meal Periods
(Labor Code §§ 226.7 and 512)**

63.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

BRELSFORD ET AL. v. YOURMECHANIC, INC.  –  COMPLAINT

64.     Throughout the period applicable to this cause of action, California law, as set forth in relevant part by the Industrial Welfare Commission Wage Order No. 9 at section (11), provided as follows:

>   i.     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes
>
>   . . .
>
>   ii.     If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

65.     Labor Code Section 512 states that an "employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" if and when such employees work more than 5 hours in any given workday. Labor Code Section 512 further requires two 30 -minute duty-free meal periods when an employee works more than 10 hours in any given workday.

66.     Labor Code section 226.7 requires payment of one (1) hour of pay in lieu of each meal periods not provided by the employer.

67.     Throughout the period applicable to this cause of action, Defendants failed to consistently allow and provide one or more duty-free 30-minute meal periods in violation of Labor Code section 510 and Wage Order No. 9, as required by California law.

BRELSFORD ET AL. v. YOURMECHANIC, INC.   –   COMPLAINT

68.    By virtue of this unlawful conduct, Plaintiff and the class members are entitled to compensation as stated above, plus interest, attorneys' fees, costs and other applicable relief.

69.    Throughout the period applicable to this cause of action, Defendants required Plaintiff and the class members to work during meal periods mandated by the applicable orders of the Industrial Welfare Commission. Therefore, Plaintiff and the class members are entitled to be paid as stated in Labor Code section 226.7, plus interest, attorneys' fees, costs and other applicable relief.

70.    On information and belief, Plaintiff alleges that the class members did not voluntarily or willfully waive rest and/or meal periods and were regularly required to work through meal periods. Defendants failed to meet the requirements for lawful on-duty meal periods and/or instituted a course of conduct that created a working environment in which non-exempt employees were incapable of taking rest and/or meal periods. As such, non-exempt employees were intimidated or coerced into waiving meal periods, and any written waivers were obtained without full disclosure and are thus involuntarily and without consent.

71.    Plaintiff and the class he seeks to represent request relief as described herein.

BRELSFORD ET AL. v. YOURMECHANIC, INC. – COMPLAINT

## Fourth Cause of Action

### Failure to Provide Rest Breaks
### (Labor Code §§ 226.7 and 512)

72.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

73.     Wage Order No. 9, Section 12, requires each employer to provide each of its employees with at least one rest period of 10-minutes rest time for each 4 hours, or major fraction thereof, that each such employee works during each workday.

74.     Labor Code Section 226.7 provides that if an employer fails to provide an employee with a rest period in accordance with Wage Order No. 9, the employer must pay such employee(s) one additional hour of pay at the employee's regular rate of pay for each day that such a rest period was not provided.

75.     By their failure to provide rest periods for every four (4) hours or major fraction thereof worked per workday by non-exempt employees, and failing to provide one (1) hour's pay in lieu thereof, as alleged above and herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and IWC Wage Orders at section (12).

76.     By failing to keep adequate time records required by sections 226 and 1174(d) of the Labor Code and IWC Wage Order at section (7), Defendants

have injured Plaintiff and class members, and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiff and members of the Plaintiff class. On information and belief, Plaintiff alleges that Defendants' failure to maintain accurate records was willful.

77.     As a result of the unlawful acts of Defendants, Plaintiff and the class members he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to an accounting and recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under the Labor Code and the applicable IWC Wage Orders.

### Fifth Cause of Action

**Failure to Reimburse**
**(Labor Code §§ 2802)**

78.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

79.     Labor Code section 2802(a) provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

80.     Throughout the class period, Plaintiff and all other class members incurred necessary expenditures in direct consequence of their duties as

BRELSFORD ET AL. v. YOURMECHANIC, INC. – COMPLAINT

Defendants' mechanics and/or their obedience to Defendants' directions, for which they received no reimbursement.

81.     Plaintiff and numerous other mechanics paid out-of-pocket expenses for their vehicle's fuel, vehicle maintenance, insurance, parking, bridge tolls, and other business expenses.

82.     Labor Code section 2802(b) provides for interest on all awards made by a court from the date upon which the employee incurred the necessary expenditure or loss.

83.     Labor Code section 2802(c) provides that "necessary expenditures or losses" includes all reasonable costs including attorney's fees incurred by the employee to enforce the rights afforded under this provision.

84.     Defendants misclassify mechanics as independent contractors, and fails to reimburse them for expenses they paid, including, gas, mileage and vehicle maintenance, that should have been borne by their employer, which constitutes a violation of California Labor Code Section 2802.

85.     In failing to reimburse Plaintiff and class members for expenses paid, Defendants acted maliciously with the wrongful intention of causing injury and hardship to class members by reaping economic gain at the class members' expense, in willful and conscious disregard of class members' statutory and regulatory rights.

86. Plaintiff and the class members are entitled to recover an award from Defendant of the full amount of all unreimbursed necessary expenditures, plus interest and reasonable attorneys' fees.

## Sixth Cause of Action

### Failure to Pay All Wages at Termination
### (Labor Code §§ 201- 203)

87. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

88. Plaintiff and many of the other class members quit or were discharged from their employment within the statute of limitations period applicable to this cause of action.

89. Defendants failed to pay said employees, without abatement, all wages (as defined by applicable California law) within the time required by applicable California law. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.

90. As of the filing of the Complaint, Defendants failed to timely pay wages due, and Plaintiff and class members are owed penalties pursuant to Labor Code sections 201, 202, 203.

91. Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty days' wages for each employee. Because employees were never paid the

wages to which they were entitled, each employee is entitled to thirty days' wages.

### Seventh Cause of Action

**Failure to Provide Accurate Wage Statements**
**(Labor Code §§ 226(b), 1174, 1175)**

92.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

93.     Labor Code section 1174(d) requires that every employee maintain "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate aid to, employees employed" in California.

94.     Wage Order No. 9, Section 7 requires every employer in California to "keep accurate information with respect to each employee including," . . . "[t]ime records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded."

95.     Plaintiff is informed and believes and upon that basis alleges, that Defendant has failed to maintain accurate records in compliance with Labor Code section 1174 and/or Wage Order No. 9 for Plaintiff and the class.  Pursuant to Labor Code Section 1174.5, Plaintiff and the class are entitled to each collect a civil penalty from Defendant in the amount of $500.

BRELSFORD ET AL. v. YOURMECHANIC, INC.  –  COMPLAINT

96.     Labor Code section 226 requires each employer to furnish accurate itemized wage statements at the time of payment reflecting (1) the gross wages earned, (2) the total hours worked, except for those whose compensation is based solely on a salary and who is exempt, (3) the number of piece-rate units earned and any applicable piece-rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the dates of the period for which the employee is paid, (7) the name of the employee and last four digits of the employee's social security number or identification number, (8) the name and address of the legal entity that is the employer , and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee beginning July 1, 2013.

97.     Throughout the period applicable to this cause of action, Defendants intentionally failed to furnish to Plaintiff and the class members, upon each payment of wages, itemized statements accurately showing, among other matters: total hours worked, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate.

98.     Plaintiff and the class members were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid, even though they were so entitled, and because the failures hindered them from determining the amounts of wages owed to them.

99.    Plaintiff and the class members are entitled to the amounts provided for in Labor Code section 226(e), which provides for each employee to recover from Defendant fifty dollars ($50) for the initial pay period in which a violation occurred, and one-hundred dollars ($100) per class member for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per class member.

100.    Plaintiff and the class members are entitled to an award of attorney fees plus costs.

## Eight Cause of Action

### Violation of Unfair Competition Law
### (Bus. and Prof. Code § 17200 *et seq.*)

101.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

102.    Plaintiff brings this action on behalf of himself and each and all members of the general public, including the class, pursuant to Business and Professions Code sections 17200 *et seq.*  Defendants' conduct alleged above constitutes unlawful business acts and practices in violation of Business & Professions Code sections 17200 *et seq.*  Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia,* each of the following laws, Labor Code sections 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174,

1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802, and applicable Wage Orders, including Wage Order No. 9.

103.   Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.  The harm to Plaintiff and the class members in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies or practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

104.   The unlawful and unfair business practices and acts of Defendants, and each of them, described above, have injured the class members in that they were wrongfully denied the payment of earned wages.

105.   Plaintiff, on behalf of himself and the class, seeks restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

BRELSFORD ET AL. v. YOURMECHANIC, INC.  –  COMPLAINT

106.    Pursuant to Business and Professions Code sections 17200 *et seq.*, for the statute of limitations period covered by this cause of action, Plaintiff and the class members are entitled to restitution for at least the following:  the unpaid withheld and retained by Defendants referred to above.

107.    Plaintiff, the class members, and the general public are also entitled to permanent injunctive and declaratory relief prohibiting Defendants from engaging in the violations and other misconduct referred to above.

108.    Defendant is also liable to pay attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable law, and costs.  The Plaintiff, on behalf of himself and all class members, also seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

### Ninth Cause of Action

**Violation of Labor Code Section 2699**
**(California Private Attorney General Act ("PAGA"))**

109.    Plaintiff, on behalf of himself and other aggrieved employees, incorporates all previous paragraphs of this Complaint as though fully set forth herein.

110.    Plaintiff filed a Private Attorney General Act ("PAGA") complaint online with the California's Labor and Workforce Development Agency (LWDA)

BRELSFORD ET AL. v. YOURMECHANIC, INC.  –  COMPLAINT

on April 27, 2020, and served Defendants by certified mail as prescribed by the Labor Code.

111.   California IWC Wage Order 4-2001 requires an employer to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.

112.   Defendants failed to pay Plaintiff and other aggrieve employees at least minimum wage for all hours worked in violation of Labor Code sections 1194 and 1197.

113.   During the liability period, Defendants have routinely failed to pay Plaintiff the minimum wage required under California law.  Plaintiff purchased and used his own hand tools to perform work for Defendants.  The hand tools provided and used were necessary for the performance of his duties as an auto technician.  Because Plaintiff was required to provide and maintain his own hand tools, that minimum wage was double the standard minimum wage per IWC Wage Order 4-2001.

114.   Plaintiff, by virtue of his employment with Defendants is an aggrieved employee with standing to bring an action under the PAGA.  Plaintiff has satisfied all prerequisites to serve as a representative of the general public to

BRELSFORD ET AL. v. YOURMECHANIC, INC.  –  COMPLAINT

enforce California's labor laws, including, without limitation, the penalty provisions identified in Labor Code section 2699.5.

115. Since the LWDA took no steps within the time period required to intervene and because Defendant took no corrective action to remedy the allegations set forth above, Plaintiff as a representatives of the people of the State of California, seeks any and all penalties otherwise capable of being collected by the Labor Commission and/or the Department of Labor Standards Enforcement ("DLSE"). This includes each of the following, as set forth in Labor Code Section 2699.5, which provides that Section 2699.3(a) applies to any alleged violation of the following provisions: Sections 558, 1194, 1197, 1197.1, and 1199.

116. Labor Code section 2699 provides for civil penalties of $100 per employee per pay period for the initial violation and $200 per employee per pay period for each subsequent violation.

117. Plaintiff, as a representative of the general public, seeks to recover any and all penalties for each and every violation shown to exist or to have occurred during the one year period before Plaintiff filed Notice with the LWDA of his intent to bring this action, in an amount according to proof, as to those penalties that are otherwise only available to public agency enforcement actions. Funds recovered will be distributed in accordance with the PAGA, with at least

75% of the penalties recovered being reimbursed to the State of California and the LWDA.

118.   As a result of the acts alleged above, Plaintiff and the class he seeks to represent seek penalties under Labor Code §§ 201-203, 212, 226, 226.7, 510, 1182.12, 1194, 1197, and 1197.1.

119.   Plaintiff, as a representative of the general public, seeks to recover reasonable attorney's fees and costs under the PAGA, Labor Code section 2699(g)(1).

120.   WHEREFORE, Plaintiff and the class he seeks to represent request relief as described herein and below, and as the Court may deem proper.

## VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all members of the class, pray for relief as follows:

1.      That the Court determine that this action may be maintained as a class action;

2.      That Plaintiff be appointed the representative of the proposed class and subclasses;

3.      That the attorneys of record for Plaintiff whose names appear in this Complaint be appointed class counsel;

BRELSFORD ET AL. v. YOURMECHANIC, INC.  –  COMPLAINT

4.     For civil penalties pursuant to Labor Code Sections 226(e), 226.8(b), 226.8(c), 1174.5, and 1197.1;

5.     For compensatory damages representing the amount of unpaid wages owed to Plaintiff and the class members;

6.     For compensatory damages pursuant to Labor Code Section 226.7 for missed meal and rest breaks;

7.     For compensatory damages pursuant to Labor Code Section 2802;

8.     For reasonable attorneys' fees and costs pursuant to Labor Code Sections 226(e), 1194, and 2802(c);

9.     For such general and special damages as may be appropriate;

10.     For liquidated damages as authorized pursuant to Labor Code Sections 1194.2;

11.     For waiting time penalties and civil penalties for all class members no longer in Defendants' employ at the time of Judgment;

12.     For pre-judgment interest;

13.     For restitution as described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

14.     For permanent injunctive and declaratory relief described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

BRELSFORD ET AL. v. YOURMECHANIC, INC.  –  COMPLAINT

15. A declaratory judgment that the practices complained of herein are unlawful under California state law;

16. Attorney's fees and costs of suit, including expert fees pursuant to California Labor Code §§218.5, 1194, and Code Civ. Proc. §1021.5; and

17. Such other injunctive and equitable relief as the Court may deem proper.


DATED: July 3, 2020          **NUNES WORKER RIGHTS LAW, APC**

By: Anthony J. Nunes, Esq.
Attorneys for Plaintiff, JOSEPH
BRELSFORD, on behalf of himself and all
others similarly situated