UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BRELSFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YOURMECHANIC, INC.,<br><br>　　　　Defendant. | Case No. 20-cv-04452-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO LIFT STAY**<br><br>Docket No. 18 |

On July 5, 2020, Mr. Brelsford sued Defendant YourMechanic, Inc. ("YourMechanic"), alleging violations of California and federal wage and hour laws. *See* Docket No. 1 ("Compl."). Mr. Brelsford purported to bring his action on behalf of a class, as a PAGA representative action, and as a collective action under the FLSA. *Id.*

On July 29, 2020, the parties stipulated to strike the class and collective claims and to stay the case pending arbitration of the individual claims. *See* Docket No. 10. Pending before this Court is Mr. Brelsford's motion to lift the stay. *See* Docket No. 18 (Mot.). The Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for January 7, 2021. For the following reasons, Mr. Brelsford's motion is **DENIED**.

### I.　BACKGROUND

After Mr. Brelsford filed his demand for arbitration, JAMS (the required forum under the arbitration agreement) notified the parties that the arbitration would not proceed until they paid the required filing fees in the amount of $ 400.00. See Docket No. 18-1 (Declaration of Anthony J. Nunes ("Nunes Decl.")), ¶ 11, 13 & Ex. C. After some back and forth between the parties regarding who was responsible for paying the fees, the parties agreed on October 2, 2020, to wait

1    until YourMechanic provided Mr. Brelsford's counsel all the data pertaining to Mr. Brelsford's
2    employment before proceeding with the JAMS arbitration. *Id.*, Ex. G.
3        YourMechanic provided all of Mr. Brelsford's employment data and invited Mr.
4    Brelsford's counsel to make a settlement demand on October 7. *See* Docket No. 19-1 (Declaration
5    of Perry K. Miska ("Miska Decl.")), ¶ 3. On October 13, Mr. Brelsford's counsel declined the
6    invitation to provide a settlement demand, instead requesting that the parties proceed with
7    arbitration. *See* Nunes Decl., Ex. H. Importantly, Mr. Brelsford's counsel stated that if
8    YourMechanic would not agree to pay Mr. Brelsford's JAMS filing fees, Mr. Brelsford "[would]
9    pay the filing fees and bring up the issue at the initial case management conference" before the
10   arbitrator, as required under the arbitration agreement. *Id.* Two days later, YourMechanic's
11   counsel agreed to proceed to arbitration, evidently accepting Mr. Brelsford's counsel's October 13
12   offer that to pay the JAMS filing fees, subject to "rais[ing] this with the arbitrator when the
13   arbitrator is appointed." *Id.* Ex. I.
14       Mr. Brelsford failed to pay his portion of the JAMS fees (as agreed to by the parties' most
15   recent e-mail exchange), and instead filed the instant motion on October 26, 2020, informing
16   JAMS that it should not proceed with arbitration until this motion is decided. *See* Miska Decl. ¶¶
17   4-5. The next day, YourMechanic paid in full the JAMS filing fees for both parties. *Id.* Ex. B.

18                **II.**    <u>**MOTION TO LIFT STAY**</u>

19       Mr. Brelsford's motion argues that YourMechanic's initial refusal to pay the JAMS fees
20   effectively waived its right to compel arbitration. *See* Docket No. 18 ("Mot."). Accordingly, Mr.
21   Brelsford asks the Court to lift the order staying the case pending arbitration and allow him to
22   pursue his individual, class, and PAGA claims in federal court. *See id.* at 13.
23       In order to prove that YourMechanic waived its right to arbitration, Mr. Brelsford has "a
24   heavy burden of pro[ving] . . . '(1) knowledge of an existing right to compel arbitration; (2) acts
25   inconsistent with that existing right; and (3) prejudice to the party opposing arbitration.'" *Cinel v.*
26   *Barna*, 142 Cal. Rptr. 3d 329, 334–35 (Ct. App. 2012) (first citing *St. Agnes Med. Ctr. v.*
27   *PacifiCare of Cal.*, 82 P.3d 727, 732 (Cal. 2003), and then quoting *U.S. v. Park Place Assocs.,*
28   *Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009)). "Acts inconsistent with the right to arbitrate include (1)

United States District Court
Northern District of California

1  'pursuing a lawsuit on the same issue as [the issue] to be arbitrated,' (2) 'expressly repudiating the
2  arbitration agreement,' or (3) 'failing to invoke the right to arbitration.'" *Id.* (quoting *Serv. Emps.*
3  *Int'l Union, Local 1021 v. County of San Joaquin*, 135 Cal. Rptr. 3d 844, 853 (Cal. App. 2011)).
4        There is no evidence in the record that YourMechanic has undertaken any acts inconsistent
5  with its right to arbitrate.  Your Mechanic had some basis to dispute its obligation to pay the filing
6  fee.  Moreover, Mr. Brelsford then agreed to pay the filing fee subject to further view by the
7  arbitrator; that offer was accepted by YourMechanic.  Any argument of waiver was thus obviated
8  by this agreement.  Moreover, the fact that Mr. Brelsford thereafter changed his mind after
9  agreeing to pay the fees, without giving YourMechanic an opportunity to respond, in no way
10 implies that YourMechanic repudiated the arbitration agreement.  Indeed, YourMechanic explains
11 that "had [Mr. Brelsford] indicated that his position was that he would not pay his portion of the
12 filing fees, even if it meant arbitration could not proceed, YourMechanic would have paid the
13 entirety of the fees (while preserving its position to recover those fees) so that arbitration could
14 proceed, and this could be raised with the arbitrator."  Opp'n at 9-10.  There is no evidence to
15 contradict this statement.  YourMechanic thus never manifested an intent to repudiate arbitration.
16 Indeed, YourMechanic's eagerness to proceed with arbitration is further demonstrated by the fact
17 that it paid the fees the day after Mr. Brelsford unilaterally filed the instant motion.
18       Accordingly, Mr. Brelsford's motion to lift the stay in this action is **DENIED** because Mr.
19 Brelsford has failed to offer any evidence that YourMechanic waived or repudiated the arbitration
20 agreement.
21       This order disposes of Docket No. 18.

23       **IT IS SO ORDERED**.

25 Dated: December 7, 2020

                                              _____
                                              EDWARD M. CHEN
                                              United States District Judge

*United States District Court*
*Northern District of California*